UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFF E. COLLINS,<br><br>     Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>     Respondent. | No.  2:21-cv-1312 JAM KJN P<br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2019 conviction for multiple sex crimes.  Petitioner was sentenced to 87 years, eight months plus 15 years-to-life in state prison.  Petitioner contends that his Fourteenth Amendment rights were violated because attempted aggravated sexual assault upon a child under the age of 14 and seven or more years younger than petitioner is not a crime under California law.  After careful review of the record, this court concludes that the petition should be denied.

II. Procedural History

On March 28, 2019, a jury found petitioner guilty of three counts of lewd act upon a child under the age of 14 (Cal. Penal Code § 288(a)), one count of assault (Cal. Penal Code § 240), two counts of attempted aggravated sexual assault of a child (Cal. Penal code §§ 664/269(a)(1)), one

1

count of aggravated sexual assault of a child (Cal. Penal Code § 269(a)(1)), five counts of forcible rape of a minor 14 years of age or older (Cal. Penal Code § 261(a)(2)), and three counts of forcible oral copulation upon a minor 14 years of age or older (Cal. Penal Code § 288a(c)(2)(C). (ECF No. 11-2 at 220-61) (Clerk's Transcript ("CT") at 514-55).  On May 28, 2019, petitioner was sentenced to 87 years, eight months, plus 15 years-to-life in state prison.  (ECF No. 11-2 at 276, 278-87) (CT 599, 601-05).

Petitioner appealed the conviction to the California Court of Appeal, First Appellate District.  On July 24, 2020, the state appellate court ordered that the abstract of judgment be amended to reflect that petitioner was convicted of three counts of California Penal Code section 288a(c)(2)(C), not section 288(c)(2)(C), and otherwise affirmed the judgment of conviction in a partially published opinion.  People v. Collins, 52 Cal. App. 5th 627, 630 (2020) (ECF No. 11-30).

Petitioner filed a petition for review in the California Supreme Court, which was denied on October 14, 2020.  (ECF No. 11-32.)  The Solano County Superior Court issued an amended abstract of judgment on October 30, 2020.  (ECF No. 11-33.)

Petitioner filed the instant petition on June 15, 2021.  (ECF No. 1.)  Respondent filed an answer; petitioner did not file a reply.

III. Facts

In its partially published memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the First Appellate District provided the following factual summary:

> Because the underlying facts are not relevant to the issue on appeal, we briefly summarize them, focusing on the two incidents of attempted aggravated sexual assault.
>
> T.W. had three children who lived with her, including a daughter, T.S., who was born in October 1997. T.W. met defendant in January 2010, and nine months later defendant and T.W. were married. While T.S., her family, and defendant lived in a residence on Beverly Drive, defendant committed acts of attempted aggravated sexual assault.
>
> After defendant moved in, the first incident of attempted aggravated sexual assault occurred when defendant performed what T.S. described as a "doggie style" act. He bent T.S. over the dining room

> table, pulled down her pants, put his penis between the cheeks of her buttocks, and began "humping" her. Defendant's penis did not touch her vagina, and he did not ejaculate. Subsequently, defendant came to T.S.'s room at about 5:00 a.m., after her mother had left for work. When he entered, T.S. woke up. Defendant told T.S. to get ready. He grabbed at her blanket and pajamas. She said "no" silently because she did not want to wake her brother and sister. Unable to remove T.S.'s pajamas, defendant became angry and struck her with a fist about five times on her stomach and arms. Approximately 10 minutes later, defendant gave up and went downstairs.
>
> Because defendant was bigger and T.S. trusted his judgment, she eventually gave up fighting back. Thereafter, defendant would enter her room in the early morning, and then they would go to his bed. There, defendant and T.S. would pull down their pants and engage in the "doggie style" act. Defendant's penis did not touch T.S.'s anus or vagina. Unsure how many times they engaged in "doggie style" sex while they lived on Beverly Drive, T.S. estimated it happened "more than five times."
>
> As to other acts of sexual assault, when T.S. was 13 years old, her family and defendant moved to Cortland Circle. The "doggie style" sex without genital contact continued, but in addition, defendant began performing oral sex on T.S. Defendant also began having sexual intercourse with T.S.
>
> In March 2013, when T.S. was 15 years old, her family, including defendant, moved to the El Dorado residence. Within a week of the move, defendant resumed having sex with T.S. By that time, it was all oral sex and regular intercourse.
>
> In June 2015, defendant moved out. The last time they had sexual relations was approximately a month earlier.

Collins, 52 Cal. App. 5th at 630-31 (ECF No. 11-30 at 3-4).

IV.   Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

////

////

3

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established Federal law" consists of holdings of the Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, there is no "clearly established federal law" governing that issue. See Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme

4

Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case."[1] Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413; see also Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 ("It is not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a '"firm conviction"' that the state court was '"erroneous"'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Id. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a

---

[1] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100. Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 298-301 (2013) (citing Richter, 562 U.S. at 98). If a state court fails to adjudicate a component of the petitioner's federal claim, the component is reviewed de novo in federal court. See, e.g., Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court reviews the state court record to "determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 101. It remains the petitioner's burden to demonstrate that 'there
////

6

was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860 (citing Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006)).

V. Petitioner's Claim

Petitioner argues that attempted aggravated sexual assault upon a child under the age of 14 and seven or more years younger than the perpetrator (hereafter "attempted aggravated sexual assault") is not a crime under California law. (ECF No. 1 at 5-10.) Respondent counters that the California appellate court's determination that the offense exists under state law is binding in this federal habeas action.

The last reasoned rejection of petitioner's claim is the decision of the California Court of Appeal for the First Appellate District on petitioner's direct appeal. The state court addressed this claim as follows:

> A. Attempted Aggravated Sexual Assault Is a Crime
>
> Section 269, subdivision (a)(1) makes it a crime for any person to rape a child under 14 years of age and seven or more years younger than the perpetrator.[FN3] As relevant to this appeal, defendant was convicted as charged in counts 5 and 6 of attempted aggravated sexual assault.
>
> [FN3: A defendant may also be convicted of aggravated sexual assault by committing rape or sexual penetration in concert, sodomy, oral copulation, and sexual penetration with a foreign object. (§ 269, subd. (a)(2), (3), (4) & (5).)]
>
> Defendant claims attempted aggravated sexual assault is not a crime. As we shall explain, we conclude, as a matter of first impression, that there is such a crime, and defendant properly was convicted of that offense in this case.
>
> We first turn to the law of criminal attempt. Under California law, "[a]n attempt to commit a crime is itself a crime and [is] subject to punishment that bears some relation to the completed offense." (1 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Elements, § 56,

pp. 341-342.) Section 664 provides, "[e]very person who attempts to commit any crime but fails or is prevented or intercepted in its perpetration" is punishable ordinarily by imprisonment for one-half of the term of imprisonment that would be imposed upon conviction of the completed offense. Moreover, as set forth in section 21a, "[a]n attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." Our Supreme Court clarified in *People v. Toledo* (2001) 26 Cal.4th 221, 109 Cal.Rptr.2d 315, 26 P.3d 1051 (*Toledo*), a case in which it held that attempted criminal threat is a crime, " 'One of the purposes of the criminal law is to protect society from those who intend to injure it. When it is established that the defendant intended to commit a specific crime and that in carrying out this intention he committed an act that caused harm or sufficient danger of harm, it is immaterial that for some collateral reason he could not complete the intended crime.' [Citation.] When a defendant acts with the requisite specific intent, that is, with the intent to engage in conduct and/or bring about the consequences proscribed by the attempted crime [citation], and performs an act that 'go[es] beyond mere preparation ... and ... show[s] that the perpetrator is putting his or her plan into action' [citation], the defendant may be convicted of criminal attempt." (*Id.* at p. 230, 109 Cal.Rptr.2d 315, 26 P.3d 1051.)

Based on sections 664 and 21a, it follows that there is a crime of attempted aggravated sexual assault as defined through the interplay of section 269, subdivision (a)(1) and the statutory provisions relating to attempts. As established by section 664, "[e]very person who attempts to commit *any* crime" (italics added) is subject to punishment as set forth in that provision. Thus, this language "on its face ... includes those who attempt to commit the crime" of attempted aggravated sexual assault. (*Toledo, supra*, 26 Cal.4th at p. 230, 109 Cal.Rptr.2d 315, 26 P.3d 1051.)

Under the provisions of section 21a, a defendant properly may be found guilty of attempted aggravated sexual assault "whenever, acting with the specific intent to commit the offense of [aggravated sexual assault], the defendant performs an act that goes beyond mere preparation and indicates that he or she is putting a plan into action." (*Toledo, supra*, 26 Cal.4th at p. 230, 109 Cal.Rptr.2d 315, 26 P.3d 1051.) Here, substantial evidence was presented that defendant did just that. The jury could have found that when defendant placed his penis between T.S.'s buttocks without it touching her vagina, he both intended to rape her and performed an act that went beyond mere preparation. Such an intent and act constitutes attempted aggravated sexual assault.

While the plain language of sections 269, subdivision (a)(1) and 664 appears to support the existence of the crime of attempted aggravated

8

sexual assault, defendant contends the reasoning in *In re James M.* (1973) 9 Cal.3d 517, 108 Cal.Rptr. 89, 510 P.2d 33 (*James M.*) supports his claim that the crime of attempted aggravated sexual assault should not be recognized. In *James M.*, the Supreme Court concluded attempt to commit an assault with a deadly weapon on a peace officer is not recognizable and punishable in the State of California. Years later, our Supreme Court in *Toledo* thoroughly discussed the *James M.* ruling: "In *In re James M.*, we held that there is no crime of attempted assault, reasoning that recognition of such a crime would constitute an improper judicial expansion of the crime of assault. In reaching this conclusion, the court in *James M.* emphasized that the crime of assault is itself statutorily defined in section 240 as an 'unlawful *attempt*, coupled with a present ability[,] to commit a violent injury on the person of another' (italics added), and that numerous legal commentators and many courts had noted the anomaly of recognizing as a separate crime an attempt to commit an attempt. [Citation.] Although the court in *James M.* acknowledged that an 'attempted attempt' was not as an abstract matter a 'logical absurdity' [citation], we nonetheless concluded that the crime of assault represented a legislative judgment as to how far removed from the infliction of a battery criminal liability should be imposed. We held that it improperly would defeat the Legislature's intent and effectively redefine the limits established by the assault statute to recognize a crime of attempted assault." (*Toledo, supra*, 26 Cal.4th at pp. 231-232, 109 Cal.Rptr.2d 315, 26 P.3d 1051.)

The James M. principles were subsequently followed in *People v. Duens* (1976) 64 Cal.App.3d 310, 134 Cal.Rptr. 341 (*Duens*), which held attempted assault with intent to commit rape is not a crime. As the *Duens* court explained, "assault with an intent to commit rape (Pen. Code, § 220) involves an attempt to the same extent as does the offense of an assault with a deadly weapon upon the person of a police officer (Pen. Code, § 245, subd. (b))." (*Id.* at p. 314, 134 Cal.Rptr. 341.)

The reasoning of *James M.* and *Duens*, however, is inapplicable to the instant case because the language of section 269 does not create an assault as that term was used in *James M.* and *Duens*. As relevant here, any person who commits a rape upon a child under 14 years of age and seven or more years younger than the person violates section 269, aggravated sexual assault. Section 240 provides: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." However, other than the use of the word "assault" in section 269, the acts set out by that statute bear no resemblance to the act set out in section 240.

Importantly, the primary difference between rape and aggravated sexual assault is the age of the victim and the age difference between

the victim and the perpetrator. Attempted rape is recognized in this state as a crime. In describing the elements of attempted rape, the Supreme Court in *People v. Clark* (2011) 52 Cal.4th 856, 131 Cal.Rptr.3d 225, 261 P.3d 243 stated, "The *crime* of attempted rape has two elements: (1) the specific intent to commit the crime of rape and (2) a direct, although ineffectual, act toward its commission." (*Id.* at p. 948, 131 Cal.Rptr.3d 225, 261 P.3d 243, italics added.) If attempted rape is a crime, it logically follows that attempted aggravated sexual assault is a crime since the only difference between the two is the age of the victim and age difference with the perpetrator. All the elements of rape otherwise apply. In short, in convicting defendant of attempted aggravated sexual assault, the jury necessarily had to find that defendant attempted to rape T.S., not that he attempted to assault her.

As we discussed above, defendant could be found to have committed the crime of attempted aggravated assault only if he acted with the specific intent to rape T.S. Here, defendant acted with such purpose but on at least two occasions resolved not to complete the crime of rape. Imposing criminal liability upon defendant for attempted aggravated sexual assault will not undermine the purpose of the statute to punish those who rape minors under the age of 14 and are seven or more years older.[FN4]

[FN4: For the first time in his reply brief, defendant argues that while he agrees "respondent's interpretation of the statutory scheme is plausible[,] ... it is not the only reasonable interpretation." Because there is no "existing case law" establishing the crimes of attempted assault or attempted aggravated sexual assault, and "by expressly identifying the crime of aggravated sexual assault of a child within Penal Code section 269," defendant claims "the statute should be interpreted to preclude an attempt." The failure to raise this argument in his opening brief forfeits defendant's ability to make the argument in reply because the Attorney General has no opportunity to respond. (*People v. Rangel* (2016) 62 Cal.4th 1192, 1218-1219, 200 Cal.Rptr.3d 265, 367 P.3d 649.) And even if this argument had not been waived, it has no merit. Like aggravated sexual assault, the Penal Code also identifies the completed crimes of rape, sodomy, and oral copulation, but no case law has ever held that these crimes cannot be charged and proved as attempts. For the reasons stated in this opinion, we believe there is only one reasonable interpretation of section 269 -- that is, attempted aggravated sexual assault is a crime.

Collins, 52 Cal. App. 5th at 631-34.

A challenge to a state court's interpretation of state law is not cognizable in a federal habeas corpus petition. See Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court

10

determinations on state-law questions."); Rivera v. Illinois, 556 U.S. 148, 158 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982) and Estelle, 502 U.S. at 72-73; Bradshaw v. Richey, 546 U.S. 74, 76 (2005) "a state court's interpretation of state law . . . binds a federal court sitting in federal habeas"); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas corpus relief does not lie for errors of state law).

A habeas petitioner may not "transform a state-law issue into a federal one" merely by asserting a violation of the federal constitution. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997). Rather, petitioner must show that the decision of the California Court of Appeal somehow "violated the Constitution, laws, or treaties of the United States." Little v. Crawford, 449 F.3d 1075, 1083 (9th Cir. 2006) (quoting Estelle, 502 U.S. at 68).

As argued by respondent, the state appellate court's determination that attempted aggravated sexual assault of a child is a crime under California law is binding on this court. Bradshaw, 546 U.S. at 75-76. Petitioner cited no federal authority in support of his claim and did not explain how the state court decisions violate the federal constitution or a federal statute. Therefore, he failed to establish that the state court's rejection of his claim was contrary to, or an unreasonable application of clearly established federal law. See Brewer v. Hall, 378 F.3d 952, 955 (9th Cir. 2004) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law"). For these reasons, petitioner is not entitled to federal habeas relief.

No Evidence?

Petitioner also argued that there was no evidence that he committed any crime, pointing solely to a lack of medical or physical evidence. (ECF No. 1 at 8.) However, petitioner did not raise an insufficient evidence claim in the California Supreme Court. (ECF No. 11-31.) Thus, such claim is not exhausted. Habeas relief may not be granted on an unexhausted claim, but the court may deny an unexhausted claim on the merits. See 28 U.S.C. § 2254(b)(2), (c). However, a claim also may be denied under 28 U.S.C. § 2254(b)(2) only where "it is perfectly clear that the petitioner has no hope of prevailing." Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).

11

As discussed below, the undersigned finds that petitioner cannot prevail on an insufficiency of the evidence claim.

A petitioner is entitled to habeas corpus relief on a sufficiency of the evidence claim "if it is found that upon the record adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979); see also Ngo v. Giurbino, 651 F.3d 1112, 1115 (9th Cir. 2011). This inquiry involves two steps. First, this court must review the evidence in the light most favorable to the prosecution. Jackson, 443 U.S. at 319. If there are conflicting factual inferences, the federal habeas court must presume the jury resolved the conflicts in favor of the prosecution. Id. at 326 ("[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of prosecution, and must defer to that resolution."); McDaniel v. Brown, 558 U.S. 120, 133 (2010) (per curiam). Second, this court will "determine whether the evidence at trial, including any evidence of innocence, could allow *any* rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." United States v. Nevils, 598 F.3d 1158, 1165 (9th Cir. 2010) (*en banc*).

Although this court's review is grounded in due process under the Fourteenth Amendment, the Jackson standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Jackson, 443 U.S. at 324 n.16; Juan H. v. Allen, 408 F.3d 1262, 1275-76 (9th Cir. 2005), amended, 2005 WL 1653617 (9th Cir. July 8, 2005). This court looks to state law to establish the elements of the offense and then turns to the federal question of whether the state court was objectively unreasonable in concluding that sufficient evidence supported that conviction. See Johnson v. Montgomery, 899 F.3d 1052, 1056 (9th Cir. 2018).

"After AEDPA, we apply the standards of *Jackson* with an additional layer of deference." Juan H., 408 F.3d at 1274; see Coleman v. Johnson, 566 U.S. 650, 651 (2012) (per curiam). On direct appeal at the state level, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the

jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 565 U.S. 1, 2 (2011) (per curiam). On habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Id. (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

The prosecution is not required to produce physical or medical evidence; rather, evidence may be direct or circumstantial. Here, the evidence against petitioner was the testimony of the victim T.S. and her mother, and petitioner acknowledged such testimony. (ECF No. 1 at 8.) The record reflects that the jury took their charge seriously, submitting four separate questions during their deliberations over two and a half days. (ECF No. 11-2 at 147-54; 156-58.) This court is precluded from re-weighing the evidence or re-assessing witness credibility.[2] Schlup v. Delo, 513 U.S. 298, 330 (1995). While it might have been possible to draw a different inference from other evidence, this court is required to resolve any conflict in favor of the prosecution. See Jackson, 443 U.S. at 326.

The jury convicted petitioner of attempted aggravated sexual assault upon a child, and the state appellate court specifically found that substantial evidence supported such conviction:

> Under the provisions of section 21a, a defendant properly may be found guilty of attempted aggravated sexual assault "whenever, acting with the specific intent to commit the offense of [aggravated sexual assault], the defendant performs an act that goes beyond mere preparation and indicates that he or she is putting a plan into action." (Toledo, supra, 26 Cal.4th at p. 230, 109 Cal.Rptr.2d 315, 26 P.3d 1051.) The jury could have found that when defendant placed his penis between T.S.'s buttocks without it touching her vagina, he both intended to rape her and performed an act that went beyond mere preparation. Such an intent and act constitutes attempted aggravated sexual assault.

Collins, 52 Cal. App. 5th at 632. Viewing the evidence in the light most favorable to the prosecution, and given the elements of the crime as defined by the state court, there was sufficient

---

[2] It is also well-settled under federal law, like California law, that the testimony of even a single witness is sufficient to support a conviction under the Jackson standard. See, e.g., Bruce v. Terhune, 376 F.3d 950, 957-58 (9th Cir. 2004) (testimony of single witness sufficient to uphold conviction under Jackson); United States v. McClendon, 782 F.2d 785, 790 (9th Cir. 1986).

evidence to support the jury's verdicts.  As explained by the state appellate court, the act of placing his penis between the victim's buttocks was sufficient to demonstrate his specific intent to commit the assault.  In light of the verdicts, it is clear that the jury found both T.S. and her mother to be credible.  "A jury's credibility determinations are . . . entitled to near-total deference under Jackson."  See Bruce, 376 F.3d at 957.

"[T]he only question under Jackson is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality."  Coleman, 566 U.S. at 656.  This is not a case where the jury's findings were not supported by the evidence.  The decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Richter, 562 U.S. at 103.

Therefore, the undersigned finds that the state court's decision that the attempted aggravated sexual assault convictions were supported by substantial evidence was not objectively unreasonable.

## VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may

////

////

waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 17, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/coll1312.157